# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

MARICIA O'CONNOR,                     )
      Plaintiff,                    )
                     )
v.                                    )  **Civil Action No. _____**
                     )
CAR AND ASSOCIATES,                   )  **COMPLAINT AND DEMAND FOR**
      Defendant.                    )  **JURY TRIAL**
                     )  **(Unlawful Debt Collection Practices)**

## COMPLAINT

MARICIA O'CONNOR ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAR AND ASSOCIATES, ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

- 1 -

3.      Defendant conducts business in the state of Massachusetts and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in Fitchburg, Massachusetts.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a debt collection company doing business in Massachusetts and having its principal place of business at 5165 Broadway Suite 253, in Depew, New York, 14043.

9.      Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

- 2 -

## PRELIMINARY STATEMENT

11.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. <u>See</u> 15 U.S.C. § 1692 *et seq*.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.    15 U.S.C. § 1692k.    The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

- 4 -

## FACTUAL ALLEGATIONS

15.   At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to a payday loan.

16.   The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

17.   On or about June 30, 2009, Defendant began constantly and continuously placed harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

18.   Defendant communicated, by telephone, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances.

19.   Specifically, Defendant contacted Plaintiff telephonically on average three (3) times a day between June 30, 2009, and July 22, 2009.

20.   Several times when Defendant contacted Plaintiff, Defendant's representative told Plaintiff that it was calling from an attorney's office.

21.   Defendant threatened Plaintiff that she would commit a serious offense if she did not pay the alleged debt and told her that nonpayment of the alleged debt was a criminal offense.

PLAINTIFF'S COMPLAINT

22.    Plaintiff disputed the debt and questioned Defendant regarding the amount of the alleged debt; however, Defendant would not explain to Plaintiff how it calculated the amount of the alleged debt.

23.    Defendant told Plaintiff that it would take her to court if she did not pay the alleged debt.

24.    Defendant threatened Plaintiff that it would put the alleged debt on her credit report; however, when Plaintiff viewed her credit report, the debt did not appear on it.

25.    Defendant's calls to Plaintiff were disturbing, harassing, and misleading, and made Plaintiff feel wary about answering the telephone.

## CONSTRUCTION OF APPLICABLE LAW

26.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

- 6 -

27.   The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).   The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id.   The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

- 7 -

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

i.       Engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff with the collection of a debt, specifically repeatedly contacting Plaintiff on her telephone, in violation of 15 U.S.C. § 1692d;

ii.      Causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass her, in violation of 15 U.S.C. § 1692d(5);

iii.     Using false, deceptive or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

iv.      Falsely representing or implicating that Plaintiff committed any crime or other conduct in order to disgrace Plaintiff, specifically telling Plaintiff that nonpayment of a debt is a criminal offense, in violation of 15 U.S.C. § 1692e(7);

- 8 -

v.      Threatening to communicate to any person credit information which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8);

vi.     Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f; and

vii.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, MARICIA O'CONNOR, respectfully prays for a judgment as follows:

a.      All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.      Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARICIA O'CONNOR, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  April 12, 2010

KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

- 10 -

PLAINTIFF'S COMPLAINT